| | |
|---|---|
| 1 | CYNTHIA MELLEMA (State Bar No. 122798) |
| | KIMBERLY DE HOPE (State Bar No. 215217) |
| 2 | SONNENSCHEIN NATH & ROSENTHAL LLP |
| | 525 Market Street, 26th Floor |
| 3 | San Francisco, CA 94105-2708 |
| | Telephone: (415) 882-5000 |
| 4 | Facsimile: (415) 882-0300 |

Attorneys for Defendant
ALLSTATE INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD SING, BETTY SING, DOES 1 TO 100, | No. C 07-5300 JL |
| Plaintiffs, | ALLSTATE INSURANCE COMPANY'S NOTICE TO PLAINTIFFS THAT ACTION HAS BEEN REMOVED |
| vs. | |
| ALLSTATE INSURANCE COMPANY, | |
| Defendant. | |

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that, pursuant to 28 U.S.C. sections 1441(a) and 1446, this action has been removed to the United States District Court for the Northern District of California. Copies of the "Notice of Removal of Civil Action" filed in the District Court and the "Notice That Action Has Been Removed" (without exhibits) filed in the Superior Court of California for the County of San Francisco are attached hereto as Exhibit "A."

All further proceedings in this action shall take place before the United States District Court for the Northern District of California, San Francisco Division.

Dated: October 18, 2007

SONNENSCHEIN NATH & ROSENTHAL LLP

By _Kimberly D. Hope /SR_
CYNTHIA MELLEMA
KIMBERLY DE HOPE

Attorneys for Defendant
ALLSTATE INSURANCE COMPANY

27279611\V-1

# EXHIBIT A

OCT. 17. 2007  1:07PM    SONNENSCHEIN NATH                                    NO. 4758   P. 3

CYNTHIA MELLEMA (State Bar No. 122798)
KIMBERLY DE HOPE (State Bar No. 215217)
SONNENSCHEIN NATH & ROSENTHAL LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
Telephone: (415) 882-5000
Facsimile: (415) 882-0300

Attorneys for Defendant
ALLSTATE INSURANCE
COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

C 07 5300

| DONALD SING, BETTY SING, DOES 1 TO 100, | No. |
| --- | --- |
| Plaintiffs, | ALLSTATE INSURANCE COMPANY'S NOTICE OF REMOVAL |
| vs. | |
| ALLSTATE INSURANCE COMPANY, | |
| Defendant. | |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. sections 1441(a) and 1446, defendant Allstate Insurance Company hereby removes this action to this Court on the ground that this Court has original jurisdiction under 28 U.S.C. section 1332.

### THE SUPERIOR COURT ACTION

1. On September 6, 2007, an action was commenced in the Superior Court of the State of California for the County of San Francisco, entitled *Donald Sing, Betty Sing v. Allstate Insurance Company and Does 1-100*," Case No. CGC-07-466924 (the "Superior Court Action").

-1-

ALLSTATE'S NOTICE OF REMOVAL
10354120.tif - 10/17/2007 1:04:38 PM

2. In the Superior Court Action, plaintiffs seek damages arising out of an alleged breach of contract, breach of the implied covenant of good faith and fair dealing and breach of fiduciary duty. (Complaint, ¶ 8.)

3. Plaintiffs served their complaint on Allstate's registered agent on September 18, 2007. Allstate has not yet answered the Complaint.

4. Attached as Exhibit 1 are true and correct copies of the pleadings in the Superior Court Action with which Allstate has been served, which include the Summons and Complaint.

## JURISDICTION

5. Allstate is informed and believes that plaintiffs are, and were when they filed the Superior Court Action, residents of the State of California.

6. Defendant Allstate is, and was at the time of filing of the Superior Court Action, a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in the city of Northbrook, Illinois.

7. "Doe" defendants must be disregarded in determining diversity of citizenship. 28 U.S.C. section 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.").

8. Accordingly, this action is between citizens of different states.

## AMOUNT IN CONTROVERSY

9. Given the several categories of damages sought by plaintiffs, the amount in controversy in the Superior Court Action, exclusive of interest and costs, exceeds the $75,000 jurisdictional minimum.

10. The complaint was filed in the "Unlimited Jurisdiction" division of the Superior Court, which has a jurisdictional minimum of $25,000, exclusive of attorneys' fees, interest, or costs. *See* Cal. Civ. Proc. Code §§ 85, 86.

11. Plaintiffs also seek an undisclosed amount of damages, including interest. (Complaint, ¶ 10.)

12. Additionally, plaintiffs seek to recover attorney's fees. (Complaint, ¶ 10.) Attorney's fees reasonably incurred to compel payment of insurance policy benefits are

recoverable as an element of damages under *Brandt v. Superior Court*, 37 Cal. 3d 813 (1985), and therefore must be included in calculating the amount of controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

13. Plaintiffs' counsel advised counsel for Allstate that plaintiffs' actual damages approximate $75,000, and plaintiffs seek punitive damages in excess of that amount, and would not stipulate that they seek less than $75,000. A true and correct copy of a letter from Kimberly De Hope to Randall Choy is attached as Exhibit 2.

14. Plaintiffs also seek an undisclosed amount of punitive damages. (Complaint, Exemplary Damages Attachment.) In calculating the amount in controversy, the Court must consider the punitive damages that may be recovered by a plaintiffs if their claim for punitive damages should prevail. *Surber v. Reliance Nat. Indem. Co.*, 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000).

15. Even under the United States Supreme Court's decision in *State Farm Mut. Automobile Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003), any punitive damages award in this case will likely exceed $75,000. In *Campbell*, the court held that punitive-damages awards larger than nine times the amount of compensatory damages would rarely comport with due process, and that ratios larger than 4:1 would be constitutionally suspect. *Id.* at 1524. Here, plaintiffs have alleged at least $25,000 in damages. Even under *Campbell*'s stringent limitations, if plaintiffs succeed in proving Allstate's conduct was reprehensible, as they allege, their punitive damage award therefore would almost certainly exceed $75,000.

## ORIGINAL JURISDICTION

16. Based on the foregoing, this Court has original jurisdiction over the Superior Court Action under 28 U.S.C. section 1332. Plaintiffs and Allstate are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. This action may therefore be removed to this Court pursuant to 28 U.S.C. sections 1441(a) and 1446.

WHEREFORE, Allstate hereby gives notice that this action has been removed, in its entirety, from the Superior Court of the State of California for the County of San Francisco to the United States District Court for the Northern District of California.

-3-

ALLSTATE'S NOTICE OF REMOVAL

| | |
|---|---|
| Dated: October 18, 2007 | SONNENSCHEIN NATH & ROSENTHAL LLP |
| | By *Kimberly De Hope /SJR* |
| | CYNTHIA MELLEMA |
| | KIMBERLY DE HOPE |
| | Attorneys for Defendant |
| | ALLSTATE INSURANCE COMPANY |

27279565\V-1

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

1  CYNTHIA MELLEMA (State Bar No. 122798)
   KIMBERLY DE HOPE (State Bar No. 215217)
2  SONNENSCHEIN NATH & ROSENTHAL LLP
   525 Market Street, 26th Floor
3  San Francisco, CA 94105-2708
   Telephone: (415) 882-5000
4  Facsimile: (415) 882-0300

5  Attorneys for Defendant
   ALLSTATE INSURANCE
6  COMPANY

ENDORSED
FILED
San Francisco County Superior Court

OCT 18 2007

GORDON PARK-LI, Clerk
BY: ___CAROLYN BALISTRERI___
                    Deputy Clerk

SUPERIOR COURT OF STATE OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| DONALD SING, BETTY SING, DOES 1 TO 100, <br><br> Plaintiffs, <br><br> vs. <br><br> ALLSTATE INSURANCE COMPANY, <br><br> Defendant. | No. CGC-07-466924 <br><br> ALLSTATE INSURANCE COMPANY'S NOTICE TO STATE COURT THAT ACTION HAS BEEN REMOVED |

1

2   TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFFS AND

3   THEIR ATTORNEYS OF RECORD:

4   NOTICE IS HEREBY GIVEN that on October 17, 2007, defendant Allstate Insurance Company filed a Notice of Removal of Civil Action in the United States District Court for the Northern District of California, pursuant to 28 U.S.C. sections 1441(a) and 1446. A copy of the "Notice of Removal of Civil Action" (without exhibits) is attached hereto as Exhibit "A".

8   PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. section 1446(d), the filing of the "Notice of Removal of Civil Action" in the United States District Court, followed by the filing of this "Notice That Action Has Been Removed" with this Court, effected removal of this action and this Court may not proceed further unless and until the action is remanded.

Dated: October 15, 2007         SONNENSCHEIN NATH & ROSENTHAL LLP

By _Kimberly De Hope /STR_
CYNTHIA MELLEMA
KIMBERLY DE HOPE

Attorneys for Defendant
ALLSTATE INSURANCE COMPANY

27279612\V-1

No. CGC-07-466924                    -2-
                                                    ALLSTATE'S NOTICE TO STATE COURT

# PROOF OF SERVICE

I, Reggie Neil Volstad, hereby declare:

I am employed in the City and County of San Francisco, California in the office of a member of the bar of this court whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Sonnenschein Nath & Rosenthal LLP, 525 Market Street, 26th Floor, San Francisco, California 94105.

On October 18, 2007, I served a copy of

    ALLSTATE INSURANCE COMPANY'S NOTICE TO PLAINTIFFS THAT ACTION HAS BEEN REMOVED

    CIVIL COVER SHEET

    ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES

    ECF REGISTRATION INFORMATION HANDOUT

    STANDING ORDER FOR ALL JUDGES OF NORHTERN DISTRICT OF CALIFORNIA

    WELCOME PACKET

    NOTICE OF ASSIGNMENT OF CASE TO A US MAGISTRATE JUDGE FOR TRIAL

    CONSENT TO PROCEED

    DECLINATION TO PROCEED

on the interested parties in this action by placing a true copy thereof, on the above date, enclosed in a sealed envelope, following the ordinary business practice of Sonnenschein Nath & Rosenthal LLP, as follows:

    Randall Choy
    Hedani, Choy, Spalding & Salvagione
    595 Market Street, Ste. 1100
    San Francisco, CA 94105

☒ U.S. MAIL: I am personally and readily familiar with the business practice of Sonnenschein Nath & Rosenthal LLP for collection and processing of correspondence for mailing with the United States Postal Service, pursuant to which mail placed for collection at designated stations in the ordinary course of business is deposited the same day, proper postage prepaid, with the United States Postal Service.

☐ FACSIMILE TRANSMISSION:  I caused such document to be sent by facsimile transmission at the above-listed fax number for the party.

☐ FEDERAL EXPRESS:  I served the within document in a sealed Federal Express envelope with delivery fees provided for and deposited in a facility regularly maintained by Federal Express.

☐ HAND DELIVERY:  I caused such document to be served by hand delivery.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on October 18, 2007 at San Francisco, California.

*[signature]*

Reggie Neil Volstad

27280493

**PROOF OF SERVICE**

**Notices**
3:07-cv-05300-JL Sing et al v. Allstate Insurance Company
ADRMOP, E-Filing

U.S. District Court
Northern District of California
**Notice of Electronic Filing or Other Case Activity**

---

NOTE: Please read this entire notice before calling the Help Desk. If you have questions, please email the Help Desk by replying to this message; include your question or comment along with the original text.

Please note that these Notices are sent for all cases in the system when any case activity occurs, regardless of whether the case is designated for e-filing or not, or whether the activity is the filing of an electronic document or not.

---

If there are **two** hyperlinks below, the first will lead to the docket and the second will lead to an e-filed document.
*If there is no second hyperlink, there is no electronic document available.*
See the FAQ posting 'I have a Notice of Electronic Filing that was e-mailed to me but there's no hyperlink...' on the ECF home page at for more information.

---

The following transaction was received from by De Hope, Kimberly entered on 10/19/2007 10:51 AM and filed on 10/19/2007
**Case Name:**        Sing et al v. Allstate Insurance Company
**Case Number:**      3:07-cv-5300
**Filer:**            Allstate Insurance Company
**Document Number:** 3

**Docket Text:**
NOTICE by Allstate Insurance Company *Notice to Plaintiffs That Action Has Been Removed* (De Hope, Kimberly) (Filed on 10/19/2007)


**3:07-cv-5300 Notice has been electronically mailed to:**

Randall P. Choy     rchoy@hedanichoy.com

Kimberly Erin De Hope     kdehope@sonnenschein.com

Cynthia Louise Mellema     cmellema@sonnenschein.com

**3:07-cv-5300 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\Documents and Settings\rvolstad\Desktop\removal.pdf
**Electronic document Stamp:**

https://ecf.cand.uscourts.gov/cgi-bin/Dispatch.pl?117978312140901                    10/19/2007

[STAMP CANDStamp_ID=977336130 [Date=10/19/2007] [FileNumber=3842901-0]
[2e1c433f3680106c5fd0205acd95961c1faccaa569966280fd20e520468e89619e67
d3a153e22fd2ee6db69bcbf560278ba909bf5594b856a6dda41def1a72a6]]