1  CYNTHIA MELLEMA (State Bar No. 122798)
   KIMBERLY DE HOPE (State Bar No. 215217)
2  SONNENSCHEIN NATH & ROSENTHAL LLP
   525 Market Street, 26th Floor
3  San Francisco, CA 94105-2708
   Telephone: (415) 882-5000
4  Facsimile: (415) 882-0300

5  Attorneys for Defendant
   ALLSTATE INSURANCE
6  COMPANY

7

8                  IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                             C 07 5300

11 DONALD SING, BETTY SING, DOES 1    No.
   TO 100,
12                                     ALLSTATE INSURANCE COMPANY'S
           Plaintiffs,                 NOTICE OF REMOVAL
13
       vs.
14
   ALLSTATE INSURANCE COMPANY,
15
           Defendant.
16

17

18

19     TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

20 NORTHERN DISTRICT OF CALIFORNIA:

21     PLEASE TAKE NOTICE that pursuant to 28 U.S.C. sections 1441(a) and 1446,

22 defendant Allstate Insurance Company hereby removes this action to this Court on the ground

23 that this Court has original jurisdiction under 28 U.S.C. section 1332.

24                        THE SUPERIOR COURT ACTION

25     1.  On September 6, 2007, an action was commenced in the Superior Court of the State

26 of California for the County of San Francisco, entitled *Donald Sing, Betty Sing v. Allstate

27 Insurance Company and Does 1-100*," Case No. CGC-07-466924 (the "Superior Court Action").

28

-1-                            ALLSTATE'S NOTICE OF REMOVAL
                               10354120.1ii - 10/17/2007 1:04:38 PM

2.  In the Superior Court Action, plaintiffs seek damages arising out of an alleged breach of contract, breach of the implied covenant of good faith and fair dealing and breach of fiduciary duty. (Complaint, ¶ 8.)

3.  Plaintiffs served their complaint on Allstate's registered agent on September 18, 2007. Allstate has not yet answered the Complaint.

4.  Attached as Exhibit 1 are true and correct copies of the pleadings in the Superior Court Action with which Allstate has been served, which include the Summons and Complaint.

## JURISDICTION

5.  Allstate is informed and believes that plaintiffs are, and were when they filed the Superior Court Action, residents of the State of California.

6.  Defendant Allstate is, and was at the time of filing of the Superior Court Action, a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in the city of Northbrook, Illinois.

7.  "Doe" defendants must be disregarded in determining diversity of citizenship. 28 U.S.C. section 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.").

8.  Accordingly, this action is between citizens of different states.

## AMOUNT IN CONTROVERSY

9.  Given the several categories of damages sought by plaintiffs, the amount in controversy in the Superior Court Action, exclusive of interest and costs, exceeds the $75,000 jurisdictional minimum.

10. The complaint was filed in the "Unlimited Jurisdiction" division of the Superior Court, which has a jurisdictional minimum of $25,000, exclusive of attorneys' fees, interest, or costs. *See* Cal. Civ. Proc. Code §§ 85, 86.

11. Plaintiffs also seek an undisclosed amount of damages, including interest. (Complaint, ¶ 10.)

12. Additionally, plaintiffs seek to recover attorney's fees. (Complaint, ¶ 10.) Attorney's fees reasonably incurred to compel payment of insurance policy benefits are

ALLSTATE'S NOTICE OF REMOVAL

recoverable as an element of damages under *Brandt v. Superior Court*, 37 Cal. 3d 813 (1985), and therefore must be included in calculating the amount of controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

13. Plaintiffs' counsel advised counsel for Allstate that plaintiffs' actual damages approximate $75,000, and plaintiffs seek punitive damages in excess of that amount, and would not stipulate that they seek less than $75,000. A true and correct copy of a letter from Kimberly De Hope to Randall Choy is attached as Exhibit 2.

14. Plaintiffs also seek an undisclosed amount of punitive damages. (Complaint, Exemplary Damages Attachment.) In calculating the amount in controversy, the Court must consider the punitive damages that may be recovered by a plaintiffs if their claim for punitive damages should prevail. *Surber v. Reliance Nat. Indem. Co.*, 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000).

15. Even under the United States Supreme Court's decision in *State Farm Mut. Automobile Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003), any punitive damages award in this case will likely exceed $75,000. In *Campbell*, the court held that punitive-damages awards larger than nine times the amount of compensatory damages would rarely comport with due process, and that ratios larger than 4:1 would be constitutionally suspect. *Id.* at 1524. Here, plaintiffs have alleged at least $25,000 in damages. Even under *Campbell*'s stringent limitations, if plaintiffs succeed in proving Allstate's conduct was reprehensible, as they allege, their punitive damage award therefore would almost certainly exceed $75,000.

### ORIGINAL JURISDICTION

16. Based on the foregoing, this Court has original jurisdiction over the Superior Court Action under 28 U.S.C. section 1332. Plaintiffs and Allstate are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. This action may therefore be removed to this Court pursuant to 28 U.S.C. sections 1441(a) and 1446.

WHEREFORE, Allstate hereby gives notice that this action has been removed, in its entirety, from the Superior Court of the State of California for the County of San Francisco to the United States District Court for the Northern District of California.

ALLSTATE'S NOTICE OF REMOVAL

| | |
|---|---|
| Dated: October 18, 2007 | SONNENSCHEIN NATH & ROSENTHAL LLP<br><br>By _Kimberly De Hope /SJR_<br>CYNTHIA MELLEMA<br>KIMBERLY DE HOPE<br><br>Attorneys for Defendant<br>ALLSTATE INSURANCE COMPANY |

27279565\V-1

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

# EXHIBIT 1

09/24/2007 09:48   9096126806   ALLSTATE ECL   PAGE 04/09

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ALLSTATE INSURANCE COMPANY, and
DOES 1 to 100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
DONALD SING, BETTY SING

*(handwritten: 9-18-07, 2:22pm, BW)*

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF SAN FRANCISCO - UNLIMITED CIVIL JURISDICTION
400 McAllister Street
San Francisco, CA 94102

**CASE NUMBER:** *(Número del Caso):* C-07-466924

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
RANDALL P. CHOY, ESQ., SB#83194           Telephone No. (415) 778-0800
HEDANI, CHOY, SPALDING & SALVAGIONE
595 Market Street, Suite 1100, San Francisco, CA 94105

DATE: SEP - 6 2007           Clerk, by Gordon Park-Li (Secretario)    P. NATT, Deputy
*(Fecha)*                                                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* ALLSTATE INSURANCE COMPANY
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 9-18-07

Page 1 of 1

Form Adopted for Mandatory Use         **SUMMONS**         Code of Civil Procedure §§ 412.20, 465

PAGE 4/9 * RCVD AT 9/24/2007 11:47:24 AM [Central Daylight Time] * SVR:CHI2KRF01/21 * DNIS:4777 * CSID:9096126806 * DURATION (mm-ss):02-12

PLD-C-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| RANDALL P. CHOY, ESQ., SB#83194<br>HEDANI, CHOY, SPALDING & SALVAGIONE<br>595 Market Street, Suite 1100<br>San Francisco, CA 94105<br>TELEPHONE NO.: (415) 778-0800   FAX NO. (Optional): (415) 778-0700<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiffs DONALD SING and BETTY SING | ENDORSED<br>F I L E D<br>San Francisco County Superior Court<br>SEP - 6 2007<br>GORDON PARK-LI, Clerk<br>BY: _PARAM NATT_<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: UNLIMITED CIVIL JURISDICTION

PLAINTIFF: DONALD SING, BETTY SING

DEFENDANT: ALLSTATE INSURANCE COMPANY, and

[X] DOES 1 TO 100

CONTRACT
[X] COMPLAINT         [ ] AMENDED COMPLAINT (Number):
[ ] CROSS-COMPLAINT   [ ] AMENDED CROSS-COMPLAINT (Number):

CASE MANAGEMENT CONFERENCE SET

FEB - 8 2008 - 9:00 AM

DEPARTMENT 212

Jurisdiction (check all that apply):
[ ] ACTION IS A LIMITED CIVIL CASE
  Amount demanded  [ ] does not exceed $10,000
                   [ ] exceeds $10,000 but does not exceed $25,000
[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint
    [ ] from limited to unlimited
    [ ] from unlimited to limited

CASE NUMBER: CGC-07-466924

1. Plaintiff* (name or names): DONALD SING, BETTY SING .

   alleges causes of action against defendant* (name or names): ALLSTATE INSURANCE COMPANY, and DOES 1 to 100
2. This pleading, including attachments and exhibits, consists of the following number of pages: 6
3. a. Each plaintiff named above is a competent adult
      [ ] except plaintiff (name):
         (1) [ ] a corporation qualified to do business in California
         (2) [ ] an unincorporated entity (describe):
         (3) [ ] other (specify):

   b. [ ] Plaintiff (name):
      a. [ ] has complied with the fictitious business name laws and is doing business under the fictitious name (specify):

      b. [ ] has complied with all licensing requirements as a licensed (specify):
   c. [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.
4. a. Each defendant named above is a natural person
      [X] except defendant (name):                        [ ] except defendant (name):
         ALLSTATE INSURANCE COMPANY
         (1) [ ] a business organization, form unknown      (1) [ ] a business organization, form unknown
         (2) [ ] a corporation                              (2) [ ] a corporation
         (3) [ ] an unincorporated entity (describe):       (3) [ ] an unincorporated entity (describe):

         (4) [ ] a public entity (describe):               (4) [ ] a public entity (describe):

         (5) [ ] other (specify):                          (5) [ ] other (specify):

*If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.      Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1, 2007]        COMPLAINT - Contract                       Code of Civil Procedure, § 425.12

| | | PLD-C-001 |
|---|---|---|
| SHORT TITLE: SING v. ALLSTATE INSURANCE COMPANY, et al. | | CASE NUMBER: |

4. (Continued)
   b. The true names of defendants sued as Does are unknown to plaintiff.
      (1) [X] Doe defendants (specify Doe numbers): __1-10__ were the agents or employees of the named defendants and acted within the scope of that agency or employment.
      (2) [X] Doe defendants (specify Doe numbers): __11-100__ are persons whose capacities are unknown to plaintiff.
   c. [ ] Information about additional defendants who are not natural persons is contained in Attachment 4c.
   d. [ ] Defendants who are joined under Code of Civil Procedure section 382 are (names):

5. [ ] Plaintiff is required to comply with a claims statute, and
   a. [ ] has complied with applicable claims statutes, or
   b. [ ] is excused from complying because (specify):

6. [ ] This action is subject to   [ ] Civil Code section 1812.10   [ ] Civil Code section 2984.4.

7. This court is the proper court because
   a. [X] a defendant entered into the contract here.
   b. [ ] a defendant lived here when the contract was entered into.
   c. [ ] a defendant lives here now.
   d. [X] the contract was to be performed here.
   e. [X] a defendant is a corporation or unincorporated association and its principal place of business is here.
   f. [ ] real property that is the subject of this action is located here.
   g. [ ] other (specify):

8. The following causes of action are attached and the statements above apply to each (each complaint must have one or more causes of action attached):
   [X] Breach of Contract
   [ ] Common Counts
   [X] Other (specify):   Breach of the Covenant of Good Faith and Fair Dealing
                          Breach of Fiduciary Duty

9. [ ] Other allegations:

10. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. [X] damages of: $
    b. [X] interest on the damages
       (1) [ ] according to proof
       (2) [X] at the rate of (specify): 10 percent per year from (date):
    c. [X] attorney's fees
       (1) [ ] of: $
       (2) [X] according to proof.
    d. [X] other (specify):   Prejudgment interest according to proof

11. [X] The paragraphs of this pleading alleged on information and belief are as follows (specify paragraph numbers):
    EX-2

Date: September 5, 2007

RANDALL P. CHOY
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PLAINTIFF OR ATTORNEY)
                  (If you wish to verify this pleading, affix a verification.)

PLD-C-001 [Rev. January 1, 2007]              COMPLAINT - Contract                            Page 2 of 2
Martin Dean's

PLD-PI-001(6)

| SHORT TITLE: SING v. ALLSTATE INSURANCE COMPANY, et al. | CASE NUMBER: |
|---|---|

## Exemplary Damages Attachment

Page __4__

ATTACHMENT TO  [X] Complaint   [ ] Cross-Complaint

EX-1. As additional damages against defendant *(name)*:
ALLSTATE INSURANCE COMPANY

Plaintiff alleges defendant was guilty of
[X] malice
[X] fraud
[X] oppression
as defined in Civil Code section 3294, and plaintiff should recover, in addition to actual damages, damages to make an example of and to punish defendant.

EX-2. The facts supporting plaintiff's claim are as follows:

1. Knowingly obtaining estimates for repair costs which were not sufficient to effectuate actual repair of the property;

2. Repeatedly refusing to extend policy benefits for housing costs, when defendants knew that plaintiffs' home was not repaired nor habitable;

3. Intentionally delaying the adjustment process; and

4. Canceling plaintiffs' policy.

All of the above were done to gain pecuniary advantage to defendants, while attempting to pay less than reasonable value of plaintiffs' claims.

EX-3. The amount of exemplary damages sought is
a. [ ] not shown, pursuant to Code of Civil Procedure section 425.10.
b. [X] $ In amounts sufficient to punish and/or set an example of defendants.

Page 1 of 1
Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(6) [Rev. January 1, 2007]
Exemplary Damages Attachment
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

PAGE 7/9 * RCVD AT 9/24/2007 11:47:24 AM [Central Daylight Time] * SVR:CHI2KRF01/21 * DNIS:4777 * CSID:9096126806 * DURATION (mm-ss):02-12

PAGE 5

**SING v. ALLSTATE INSURANCE COMPANY, et al.**

### SECOND CAUSE OF ACTION
### BREACH OF THE COVENANT OF GOOD FAITH & FAIR DEALING

**Second Cause of Action - 1:** Plaintiffs refer to, and incorporate by reference thereby, all allegations contained in their complaint, and their first cause of action.

**Second Cause of Action - 2:** There exists by statute and common law, the duty of good faith and fair dealing, in all contracts, and specifically those involving insurance contracts.

**Second Cause of Action - 3:** Defendants have breached the count of good faith and fair dealing, by, inter alia, failing to: (Insurance Code Section 790.03(h))

(1) Misrepresenting to claimants pertinent facts or insurance policy provisions relating to any coverages at issue.
(2) Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies.
(3) Failing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies.
(4) Failing to affirm or deny coverage of claims within a reasonable time after proof of loss requirements have been completed and submitted by the insured.
(5) Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear.
(6) Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by the insureds, when the insureds have made claims for amounts reasonably similar to the amounts ultimately recovered.
(7) Attempting to settle a claim by an insured for less than the amount to which a reasonable man would have believed he was entitled to written or printed advertising material accompanying or made part of an application.
(8) Failing to provide promptly a reasonable explanation of the basis relied on in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

CASE NUMBER: CGC-07-466924 DONALD SING et al VS. ALLSTATE INSURANCE COMPAN

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

DATE:  FEB-08-2008

TIME:  9:00AM

PLACE:  Department 212
400 McAllister Street
San Francisco, CA  94102-3680

All parties must appear and comply with Local Rule 3.

> CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.
>
> However, it would facilitate the issuance of a case management order without an appearance at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

> IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.
> (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as _____

# EXHIBIT 2


SONNENSCHEIN NATH & ROSENTHAL LLP

525 Market Street
26th Floor
San Francisco, CA 94105-2708
415.882.5000
415.882.0300 fax
www.sonnenschein.com

Kimberly E. De Hope
415.882.0360
kdehope@sonnenschein.com

October 17, 2007

VIA FACSIMILE

Randall Choy, Esq.
Hedani, Choy, Spalding & Salvagione
595 Market St., Ste. 1100
San Francisco, CA 94105

Re:  *Sing v. Allstate Ins. Co.*

Dear Mr. Choy:

When we spoke on September 24, 2007, we discussed the damages plaintiffs seek in this action. As I told you, Allstate needs that information to determine whether plaintiffs seek damages in excess of the jurisdictional minimum for federal court. You advised me that plaintiffs' actual damages were likely around $75,000, and that they seek punitive damages in addition to that amount. You said you would consider the total amount of damages plaintiffs seek and get back to me. I have not yet received any response from you. Accordingly, based upon our discussion, the preponderance of the evidence demonstrates that plaintiffs seek in excess of $75,000. If this is incorrect, please notify me immediately.

Very truly yours,

SONNENSCHEIN NATH & ROSENTHAL LLP

By: *Kimberly De Hope /smg/*

Kimberly E. De Hope

Brussels   Charlotte   Chicago   Dallas   Kansas City   Los Angeles   New York   Phoenix   St. Louis
San Francisco   Short Hills, N.J.   Silicon Valley   Washington, D.C.   West Palm Beach