CYNTHIA MELLEMA (State Bar No. 122798)
KIMBERLY DE HOPE (State Bar No. 215217)
SONNENSCHEIN NATH & ROSENTHAL LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
Telephone: (415) 882-5000
Facsimile: (415) 882-0300

Attorneys for Defendant
ALLSTATE INSURANCE
COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD SING, BETTY SING, DOES 1 TO 100,<br><br>Plaintiffs,<br><br>vs.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>Defendant. | No. C 07-5300<br><br>ALLSTATE INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS<br><br>Date:  December 5, 2007<br>Time:  9:30 a.m.<br>Place:  Courtroom F, 15th Floor |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

NOTICE IS HEREBY GIVEN that, on December 5, 2006, at 9:30 a.m., or as soon thereafter as the matter may be heard in Courtroom F of the United States District Court for the Northern District of California, San Francisco Division, before Chief Magistrate Judge James Larson, defendant Allstate Insurance Company will and hereby does move the Court to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that:

1. Plaintiffs cannot state a claim for breach of contract because they failed to attach the policy or plead its material terms;

2. Plaintiffs cannot state a claim for breach of the implied covenant of good faith and fair dealing because they failed to plead a breach of contract;

3. Plaintiffs cannot state a claim for breach of the implied covenant of good faith and fair dealing because there is no private right of action for violations of Insurance Code § 790.03; and

4. Plaintiffs cannot state a claim for breach of fiduciary duty because an insurer owes no fiduciary duty to its insureds.

Allstate bases its motion on the attached memorandum of points and authorities and the pleadings, records and files in this action, matters which have been or may be judicially noticed and any other matters presented at the hearing on the motion.

Dated: October 22, 2007

SONNENSCHEIN NATH & ROSENTHAL LLP

By  /s/ Kimberly De Hope
    KIMBERLY DE HOPE

Attorneys for Defendant
ALLSTATE INSURANCE COMPANY

## I. INTRODUCTION

Plaintiffs' form complaint fails to meet even the most liberal pleading standards. Plaintiffs allege a breach of contract, but they do not attach a copy of the policy they allege was breached, nor do they plead its material terms. Accordingly, their claim for breach of contract must be dismissed.

A claim for breach of the implied covenant of good faith and fair dealing is dependent on a claim for breach of contract. Plaintiffs' failure to properly plead a breach of contract is similarly fatal to their claim for breach of the implied covenant of good faith and fair dealing. Further, the breach of the covenant claim also fails because it is premised on non-actionable violations of the Insurance Code.

Finally, because an insurer owes no fiduciary duty to its insureds, plaintiffs cannot state a claim for breach of fiduciary duty.

Because all claims fail, plaintiffs' complaint should be dismissed in its entirety.

Case No. C 07-5300    -2-

ALLSTATE'S MOTION TO DISMISS

## II. STATEMENT OF FACTS

Plaintiffs allege Allstate breached an unspecified insurance policy. (Complaint, ¶ 8.) They further allege, based on unspecified facts, Allstate breached the implied covenant of good faith and fair dealing and breached an unknown fiduciary duty. (*Id.*)

Based on the alleged breaches, plaintiffs also seek punitive damages. (Complaint, at p. 4.) Plaintiffs assert entitlement to punitive damages based on alleged insufficient repair estimates, refusal to pay unidentified policy benefits, delaying the adjustment process and cancellation of plaintiffs' policy. (*Id.*)

More notable than the facts plaintiffs allege is what they fail to allege. They fail to allege the type of policy at issue, the effective period of the policy, the terms and conditions of the policy, or whether they complied with the terms and conditions of the policy.

## III. ARGUMENT.

### A.  The Motion To Dismiss Standard

Allstate moves to dismiss plaintiffs' form complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6), the Court should dismiss a complaint or a claim for relief therein for "failure to state a claim upon which relief can be granted." Such a motion tests the legal viability of a cause of action. *North Star Int'l v. Arizona Corp. Comm'n*, 720 F. 2d 578, 581 (9th Cir. 1983).

### B.  Plaintiffs' Contract Claim Fails:  No Terms Are Pled Nor Is The Contract Attached

When a plaintiff alleges breach of contract, the complaint must allege whether the contract was written or oral. If written, the contract must either be attached to the complaint, or the material terms of the contract pled verbatim. *Harris v. Rudin, Richman & Appel*, 74 Cal.App.4th 299, 307 (1999); *Twaite v. Allstate Ins. Co.*, 216 Cal.App.3d 239, 252 (1989); *Otworth v. Southern Pacific Trans. Co.*, 166 Cal.App.3d 452, 459 (1985); *Gautier v. General Telephone Co.*, 234 Cal.App.2d 302, 305 (1965); *Amid v. Hawthorne Comm. Med. Group, Inc.*, 212 Cal. App. 3d 1383 (1989). Absent either of these two requirements, a breach of contract claim cannot stand.

Here, plaintiffs have done neither. Their form complaint simply alleges there was a breach of contract. (Complaint, ¶ 8.) There are no allegations regarding the type of contract or any terms of the contract. Consequently, this court does not have sufficient factual allegations before it to permit it to find there was a breach of contract. "A complaint must allege the ultimate facts necessary to the statement of an actionable claim. *Careau & Co. v. Security Pac. Business Credit, Inc.*, 222 Cal. App. 3d 1371, 1390 (1990).

Because plaintiffs failed to allege a breach of contract, dismissal is appropriate.

### C. Plaintiffs' Claim For Relief For Breach Of The Implied Covenant Of Good Faith And Fair Dealing Fails

#### 1. There Can Be No Bad Faith Without Breach Of Contract

Plaintiffs failure to properly allege a breach of contract is similarly fatal to their claim for breach of the implied covenant of good faith and fair dealing. The covenant of good faith and fair dealing depends upon the existence of a contract, and cannot exist without it. *See Waller v. Truck Ins. Exch.*, 11 Cal. 4th 1, 36 (1995) (the covenant of good faith and fair dealing is "based upon" the contract and has no existence independent of such contract); *Tomaselli v. Transamerica Ins. Co.*, 25 Cal. App. 4th 1766, 1770 (1994) (a claim for breach of the covenant of good faith and fair dealing does not survive where the plaintiff's claim for breach of contract has been merged into a judgment). If a plaintiff has not alleged breach of contract, by necessity, he has not alleged breach of the covenant of good faith and fair dealing. *Gould v. Maryland Sound Indus.*, 31 Cal. App. 4th 1137, 1152 (1995) (where the plaintiff failed to state a cause of action for breach of contract, it "necessarily follows" that he cannot state a claim for breach of the covenant of good faith and fair dealing). As set forth above, plaintiffs have not stated a cause of action for breach of contract. Consequently, they have not pled breach of the covenant of good faith and fair dealing, either.

Without a viable breach of contact claim, Plaintiff cannot maintain a cause of action for bad faith denial of insurance benefits. *San Diego Housing Com'n v. Industrial Indem. Co.*, 68 Cal.App.4th 526, 545 (1998). Accordingly, Allstate respectfully requests this Court dismiss this claim for relief.

### 2. Insurance Code Section 790.03 Violations Cannot Support A "Bad Faith" Claim

Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing fails for a second, independent reason. The California Supreme Court definitively held that an insured has no private right of action for alleged violations of Insurance Code sections 790.03 *et seq*. *Moradi-Shalal v. Fireman's Fund Ins. Cos.*, 46 Cal. 3d 287, 304 (1988) ("Neither section 790.03 nor section 790.09 was intended to create a private civil cause of action against an insurer that commits one of the various acts listed in section 790.03, subdivision (h)."). In so holding, the *Moradi-Shalal* Court expressly overruled its 1979 decision in *Royal Globe Insurance Co. v. Superior Court*, which erroneously found a private right of action under sections 790.03 *et seq*. *Id.* at 292, 304 ("[W]e have concluded that the *Royal Globe* court incorrectly evaluated the legislative intent underlying the passage of section 790.03, subdivision (h), and that accordingly, *Royal Globe* should be overruled.").

Here, plaintiffs' claim for breach of the implied covenant of good faith and fair dealing is premised exclusively on alleged violations of the Insurance Code. (Complaint, ¶ 8, pg. 5.) Because there is no private right of action under Insurance Code sections 790.03 *et seq.*, plaintiffs' "bad faith" claim must be dismissed. *See Lee v. Travelers Cos.*, 205 Cal. App. 3d 691, 694 (1988) (insurer's demurrer to insured's section 790.03 claim was properly sustained, because "*Moradi-Shalal* . . . concluded the Unfair Practices Act (Ins. Code § 790 *et seq.*) may not form the basis of a private right of action against insurers.").

### D. Plaintiff's Claim For Breach Of Fiduciary Duty Fails Because An Insurer Owes No Fiduciary Duty To Its Insureds

Finally, plaintiffs claim for breach of fiduciary duty fails because there is no such claim under California law.

Under controlling California Supreme Court authority, an insurer is not a "fiduciary" of its insured, because it has no obligation to place its insured's interests ahead of its own. *See Vu v. Prudential Prop. & Cas. Ins.*, 26 Cal. 4th 1142, 1150-1151 (2001) ("The insurer-insured relationship . . . is not a true 'fiduciary relationship' in the same sense as the relationship between trustee and beneficiary, or attorney and client."). This was not a new concept when *Vu*

Case No. C 07-5300                    -5-

ALLSTATE'S MOTION TO DISMISS

was published in 2001, but had been decided in prior cases. *See, e.g., Love v. Fire Ins. Exchange*, 221 Cal. App. 3d 1136, 1148 (1990); *Henry v. Associated Indem. Co.*, 217 Cal. App. 3d 1405, 1418-19 (1990); *Hassard, Bonnington, Roger & Huber v. Home Ins. Co.*, 740 F. Supp. 789, 792 (S.D. Cal. 1990); *Almon v. State Farm Fire and Cas. Co.*, 724 F. Supp. 765, 766 (S.D. Cal. 1989).

Because the insurer-insured relationship is not a fiduciary one, courts have routinely granted demurrers and Rule 12(b)(6) motions to dismiss claims for breach of fiduciary duty. *See General Amer. Life Ins. Co. v. Rana*, 769 F. Supp., 1121, 1126 (N.D. Cal. 1991); *Hassard*, 740 F. Supp. at 790, 792; *Almon*, 724 F. Supp. at 766; *see also Foxfire*, 820 F. Supp. at 498 (granting summary judgment in insurer's favor on breach of fiduciary claim, because "as a matter of law, [the insured] cannot maintain an action for breach of fiduciary duty.").

## IV. CONCLUSION

Plaintiffs failed to allege sufficient facts to sustain a claim for relief under any theory proffered in their complaint. Accordingly, Allstate Insurance Company respectfully requests this Court dismiss plaintiffs' complaint.

Dated: October 22, 2007                SONNENSCHEIN NATH & ROSENTHAL LLP


By_____/s/ Kimberly De Hope_____
CYNTHIA MELLEMA
KIMBERLY DE HOPE

Attorneys for Defendant
ALLSTATE INSURANCE COMPANY

27279481\V-1