RANDALL P. CHOY, SBN 83194
ANNE C. O'DONNELL, SBN 222161
HEDANI, CHOY, SPALDING & SALVAGIONE
595 Market Street, Suite 1100
San Francisco, California 94105
Telephone: (415) 778-0800
Facsimile: (415) 778-0700

Attorneys for Plaintiffs
**DON SING and BETTY SING**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DON SING and BETTY SING,

    Plaintiffs,

vs.

ALLSTATE INSURANCE COMPANY,
and DOES 1 to 100

    Defendants.
_____/

NO. C 07-5300 JSW

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

## I. INTRODUCTION

Defendant Allstate Insurance Company ("defendant") claims that plaintiffs' Complaint should be dismissed: for failing to plead the contract terms verbatim or attach the policy on the breach of contract claim and breach of the implied covenant of good faith and fair dealing claim; for premising the breach of the covenant claim on violations of the Insurance Code, and as to the breach of fiduciary duty claim, that an insurer owes no fiduciary duty to its insured.

Plaintiff disputes, as inaccurate, the law set forth by defendant in support of its argument as to plaintiff's breach of contract and breach of implied covenant of good faith and fair dealing to the extent that it is viable as a common law claim. Plaintiff will not contest the breach of fiduciary claim.

## II. STATEMENT OF FACTS

### A. Breach of Contract Claim

Defendant claims that plaintiffs only allege that defendant breached an unspecified insurance policy (Def. Motion pg. 3:2), and that plaintiffs failed to allege the various aspects of the policy. On the contrary, in plaintiffs' first cause of action for breach of contract, plaintiffs specifically allege that there is a written agreement between plaintiffs and defendant Allstate, and the essential terms were as follows:

> "Plaintiffs would pay premiums for a policy of insurance protecting them from, inter alia, losses sustained from fire occurring at the insured property, 855 Ortega Street, San Francisco, California. Defendants agreed to pay for losses sustained by fire, according to the policy provisions." (Complaint, BC-1).

Plaintiffs allege that defendant breached the agreement by the following acts:

1. Failing to fairly appraise the fire loss and appurtenant claims, and failure to pay sums due under the policy;
2. Requiring the plaintiffs to retain an attorney to make claims under their policy; and
3. Requiring the plaintiff to proceed through arbitration to recover the fair value of the fire loss. (Complaint, BC-2).

Plaintiffs further allege that "plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or excused from performing." (Complaint, BC-3).

Finally, plaintiff allege that

"Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement as follows:

1. Attorney's fees and costs;

2. Cost of appraisal proceeding; and

3. Interest/loss of use of funds." (Complaint BC-4).

Additionally, plaintiffs allege, in their Exemplary Damages Attachment, that defendant was guilty of malice, fraud, and oppression as defined in Civil Code section 3294, and plaintiff should recover, in addition to actual damages, damages to make an example of and to punish defendant. (Complaint, EX-1, pg. 4). In support of plaintiffs' exemplary damages claim, plaintiffs set forth the following facts:

1. Knowingly obtaining estimates for repair costs which were not sufficient to effectuate actual repair of the property;

2. Repeatedly refusing to extend policy benefits for housing costs, when defendants knew that plaintiffs' home was not repaired nor habitable;

3. Intentionally delaying the adjustment process; and

4. Canceling plaintiffs' policy. (Complaint, EX-2)

**B. Breach of the Covenant of Good Faith and Fair Dealing**

Plaintiffs' cause of action for breach of the covenant of good faith and fair dealing states:

<u>Second Cause of Action – 1</u>:  Plaintiffs refer to, and incorporate by reference thereby, all allegations contained in their complaint, and their first cause of action.

<u>Second Cause of Action – 2</u>:  There exists by statute and common law, the duty of good faith and fair dealing, in all contracts, and specifically those involving insurance contracts.

<u>Second Cause of Action – 3</u>:  Defendants have breached the count of good faith and fair dealing, by, inter alia, failing to:  (Insurance Code Section 790.03(h))

    (1)    Misrepresenting to claimants pertinent facts or insurance policy provisions relating to any coverages at issue.

    (2)    Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies.

    (3)    Failing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies.

    (4)    Failing to affirm or deny coverage of claims within a reasonable time after proof of loss requirements have been completed and submitted by the insured.

    (5)    Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear.

    (6)    Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by the insureds, when the insureds have made claims for amounts reasonably similar to the amounts ultimately recovered.

    (7)    Attempting to settle a claim by an insured for less than the amount to which a reasonable man would have believed he was entitled to written or printed advertising material accompanying or made part of an application.

(8)   Failing to provide promptly a reasonable explanation of the basis relied on in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement. (Complaint, pg. 5)

## III.   ARGUMENT

### A.   Legal Standard for Rule 12(b)(6) Motion to Dismiss

The issue to be decided on a motion to dismiss is not whether a plaintiff's claims have merit but whether the moving defendant has shown beyond doubt that the plaintiff can prove no set of facts entitling it to relief. *Conley v. Gibson (1957) 355 U.S. 41, 45-46, 78 S. Ct. 99, 102*. The court must decide whether the facts alleged, if true, would entitle plaintiff to some form of legal remedy. Unless the answer is unequivocally "no," the motion must be denied. *See*, W. Schwarzer. A. Tashima & J. Wagstaff, Federal Civil Procedure Before Trial §9:187 *citing Conley v. Gibson (1957) 355 U.S. 41, 45-46*; *De La Cruz v. Tormey (9th Cir. 1978) 582F.2d 45, 48*; *SEC v. Cross Fin'l Services, Inc. (CD CA 1995) 908 F.Supp 718, 726, 727*; *Beliveau v. Caras (CD CA 1995 873 F.Supp. 1393, 1395*; *United States v. White (CD CA 1995) 893 F.Supp. 1423, 1428*.

A complaint may be dismissed as a matter of law for only two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc., (9th Cir. 1984) 749 F.2d 530, 533-34*. When a court considers a motion to dismiss, all allegations of the complaint are construed in the plaintiff's favor. *Sun Savings & Loan Ass'n v. Dierdorff (9th Cir. 1987) 825 F.2d 187, 191*. For a motion to dismiss to be granted, it must appear to a certainty that the plaintiff would not be entitled to relief under any set of facts that could be proved. *Wool v. Tandem Computers, Inc., (9th Cir. 1987) 818 F.2d 1433, 1439*. Motions to dismiss generally are viewed with disfavor under this liberal standard and are rarely granted. *Gilligan v. Jamco Dev. Corp., (9th Cir. 1997) 108 F.3d 246, 249*.

"If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.*, (9th Cir. 1986) 806 F.2d 1393, 1401; see also *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, (9th Cir. 2004) 368 F.3d 1053, 1061 (leave to amend should be granted unless amendment would be futile, i.e., the complaint can not be saved by amendment).

### B. Plaintiffs Breach of Contract Claim Does Not Fail Because Plaintiffs Have Pled the Effect of the Contract in Accordance with Rule 8 of the Federal Rules of Civil Procedure.

Defendant argues that plaintiffs' breach of contract claim should be dismissed because plaintiffs failed to attach the contract to the complaint, or to plead the terms of the contract verbatim. (Def. Motion at 3:21-23, 4:1-2). Defendant further represents that plaintiffs have no allegations regarding the type of contract or terms of the contract. (Def. Motion at 4:2-3). Defendant is incorrect as to the law, and as to the allegations in plaintiffs' complaint.

First, "pleading is governed by Rule 8 of the Federal Rules of Civil Procedure, not by State procedural requirements. Under Federal Rule of Civil Procedure 8(a), a "short and plain statement of the claim suffices." *Securimetrics, Inc. v. Hartfor Cas. Ins. Co.*, (ND CA 2005) 2005, U.S. Dist. LEXIS 44893. "Federal law does not require plaintiff to recite the contract terms verbatim or to attach a copy of the contract to the complaint." *Id*; see also *Pitt Helicopters v. AIG Aviation, et al.* (ED CA 2007) 2007 U.s. Dis. LEXIS 21339; *Wang v. Banco Do Brasil, et al.* (ED CA 2007) 2007 U.S. Dist. LEXIS 25813. In both *Pitt Helicopters* and *Wang*, the courts found that the plaintiffs' claims were not defective for failure to state the contract terms verbatim or attach a copy of the contract. Likewise, plaintiffs' claim herein is also not defective.

To maintain a breach of contract action, the complaint must allege (1) the existence of a valid and binding contract; (2) that plaintiff has complied with the contract and performed its obligations under it; (3) fulfillment with all conditions precedent; (4) breach of the contract; and (5) damages to plaintiff. *Northwest Pipe Company v. The Travelers Indemnity Company (ND CA 2003) 2003 U.S. Dis. LEXIS 26416.* Plaintiffs have set forth all of these allegations: existence of a valid contract and material terms (Complaint at BC-1); defendant's breach of said contract (Complaint at BC-2); that plaintiffs have performed their obligations and met any conditions precedent (Complaint at BC-3), and that plaintiffs have incurred damages as a result (Complaint at BC-4).

Therefore, plaintiffs respectfully requests that the Court find that plaintiffs have adequately pleaded its breach of contract claim, and that defendant's motion to dismiss this claim be denied.

C. **Plaintiffs' Breach of the Implied Covenant of Good Faith and Fair Dealing Does Not Fail Because Plaintiffs Have Properly Pled Their Breach of Contract Claim and the Breach of Covenant Claim is not Based Exclusively on Insurance Code Section 790.03 Violations.**

Defendant first claims that plaintiffs' claim for breach of the covenant of good faith and fair dealing fails because the breach of contract claim is inadequate. As set forth above, the breach of contract claim does not fail and therefore neither does the breach of the covenant claim.

"Every contract imposes on each party an implied duty of good faith and fair dealing which mandates that neither party will do anything which will injure the right of the other to receive the benefits of the agreement. *Chateau Chamberay Homeowners Ass'n v. Associated Int'l Ins. Co.,* (2001) 90 Cal. App.4th 335, 345; *Amadeo v. Principal Mut. Life Ins. Co.* (9th Cir. 2002) 290 F.3d 1152, 1158. All insurance contracts include the implied covenant of good faith and fair dealing. *Century Surety Co. v. Polisso* (2006) 139 Cal.App.4th 922, 948. "When the insurer

- 7 -

Case No. C 07-5300 JSW

PLAINTIFFS OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS

engages in unreasonable conduct in connection with an insured's insurance claim, the insurer is said to have tortiously breached the implied covenant.

Plaintiffs do not dispute that there is no private action for violations of Insurance Code § 790.03 pursuant to the holding in <u>Moradi-Shalal v. Fireman's Fund Ins. Cos., (1988) 46 Cal.3d 287</u>. However, that court specifically held that despite no private right of action based on §790.03, the courts retain jurisdiction to impose civil damages or other remedies against insurers in appropriate common law actions, based on such traditional theories as fraud, infliction of emotional distress, and (as to the insured) either breach of contract of breach of the implied covenant of good faith and fair dealing. <u>Id</u>, at 305.

Plaintiffs' cause of action for breach of the covenant is not exclusively premised on violations of the Insurance Code, but also specifies that it relies on common law (Complaint at 5:7-8). Further, while the violations identified by plaintiffs correspond to the statute, they are also factual statements as to defendant's actions, which support the common law claim for breach of the covenant. Should the court require clarification, plaintiffs respectfully request leave to amend the Complaint such that it is clear that this cause of action is based on common law.

D. **Plaintiffs Do Not Contest Defendant's Breach of Fiduciary Duty Argument.**

Plaintiffs do not contest defendant's argument as to the breach of fiduciary duty.

E. **The Court Has Authority to Grant Plaintiffs Leave to Amend.**

As stated previously, the court should grant leave to amend, unless it can be shown that amendment would be futile. If for any reason the court finds plaintiffs' causes of action to be defective in any manner, plaintiffs respectfully request leave to amend.

IV. **CONCLUSION**

Plaintiffs respectfully request that the court find that plaintiffs have sufficiently pled their causes of action, with the exception of the breach of fiduciary duty, and therefore that the court deny defendant's motion to dismiss as to all other causes of action.

Dated: November 14, 2007                HEDANI, CHOY, SPALDING & SALVAGIONE

By:  /s/ Randall P. Choy
RANDALL P. CHOY
Attorney for Plaintiffs
DON SING & BETTY SING

Case No. C 07-5300 JSW

- 9 -

PLAINTIFFS OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS