
1  CYNTHIA MELLEMA (State Bar No. 122798)
   KIMBERLY DE HOPE (State Bar No. 215217)
2  SONNENSCHEIN NATH & ROSENTHAL LLP
   525 Market Street, 26th Floor
3  San Francisco, CA 94105-2708
   Telephone: (415) 882-5000
4  Facsimile: (415) 882-0300

5  Attorneys for Defendant
   ALLSTATE INSURANCE
6  COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD SING, BETTY SING, DOES 1 TO 100,<br><br>Plaintiffs,<br><br>vs.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>Defendant. | No. C 07-5300 JSW<br><br>ALLSTATE INSURANCE COMPANY'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS<br><br>Date:  December 14, 2007<br>Time:  9:00 a.m.<br>Place:  Courtroom 2, 17th Floor |

I.  **INTRODUCTION**

Plaintiffs' form complaint fails to state a claim for breach of the implied covenant of good faith and fair dealing. To state a claim for breach of the covenant, plaintiffs must do more than quote the Insurance Code, they must plead actual *facts*. Their failure to do so is fatal to that claim.

Allstate withdraws its motion to dismiss the breach of contract claim. At the time it prepared its motion to dismiss, Allstate had only a partial copy of the complaint plaintiffs filed. Finally, as noted in plaintiffs' opposition, they do not oppose Allstate's motion to dismiss the fiduciary duty claim. (Opposition, 2:4-5.)

## II. ARGUMENT.

### A. Insurance Code Section 790.03 Violations Cannot Support A "Bad Faith" Claim

Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing is nothing more than a paraphrase (and sometimes a direct quote) of Insurance Code section 790.03. Because an insured has no private right of action for alleged violations of Insurance Code sections 790.03 *et seq.*, plaintiffs claim for "bad faith" fails. *Moradi-Shalal v. Fireman's Fund Ins. Cos.*, 46 Cal. 3d 287, 304 (1988) ("Neither section 790.03 nor section 790.09 was intended to create a private civil cause of action against an insurer that commits one of the various acts listed in section 790.03, subdivision (h).").

Plaintiffs do not dispute that *Moradi-Shalal* is controlling. (Opposition, 8:4-6.) They even concede the allegations relating to their claim for breach of the implied covenant "correspond to the statute." (Opposition, 8:14.) Plaintiffs' allegations, however, do more than "correspond" to the language of section 790.03. Plaintiffs' first seven "allegations" related to their claim for breach of the covenant are a direct quote of Insurance Code § 790.03(h)(1-7). (*See*, Complaint, 5:11-24.) Their eighth "allegation" is identical to section 790.03(h)(13).

Cutting and pasting is not sufficient to meet even the relaxed pleading standards in Federal Court. (*See* Fed. R. Civ. P. 8(a)(2) (plaintiff must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief.")) Plaintiffs failure to do anything other than quote the Insurance Code is fatal to their claim. Accordingly, their claim for breach of the implied covenant of good faith and fair dealing should be dismissed. *See Lee v. Travelers Cos.*, 205 Cal. App. 3d 691, 694 (1988) (insurer's demurrer to insured's section 790.03 claim was properly sustained, because "*Moradi-Shalal* . . . concluded the Unfair Practices Act (Ins. Code § 790 *et seq.*) may not form the basis of a private right of action against insurers.").

### B. Plaintiffs' Claim For Breach of Fiduciary Duty Fails.

Plaintiffs do not oppose Allstate's Motion to Dismiss their claim for breach of fiduciary duty. (Opposition, 2:4-5.) Accordingly, Allstate requests this Court grant its motion to dismiss

Case No. C 07-5300 JSW                -2-                ALLSTATE'S REPLY MEMO.
                                                         IN SUPPORT OF MOTION TO DISMISS

that claim. *See Vu v. Prudential Prop. & Cas. Ins.*, 26 Cal. 4th 1142, 1150-1151 (2001) ("The insurer-insured relationship . . . is not a true 'fiduciary relationship' in the same sense as the relationship between trustee and beneficiary, or attorney and client.").

### III. CONCLUSION

There is no private right of action for breach of Insurance Code § 790.03. Accordingly, plaintiffs failed to allege sufficient facts to state a claim for breach of the implied covenant of good faith and fair dealing. Furthermore, they chose not to oppose Allstate's motion to dismiss their claim for breach of fiduciary duty. (Opposition, 2:4-5.) Allstate respectfully requests this Court grant its motion to dismiss plaintiffs' claims for breach of the implied covenant of good faith and fair dealing and breach of fiduciary duty.[1]

Dated: November 21, 2007

SONNENSCHEIN NATH & ROSENTHAL LLP

By_____/s/ Kimberly De Hope_____
      CYNTHIA MELLEMA
      KIMBERLY DE HOPE

Attorneys for Defendant
ALLSTATE INSURANCE COMPANY

27283036\V-1

---

[1] Allstate withdraws its motion to dismiss plaintiffs' breach of contract claim.

Case No. C 07-5300 JSW         -3-         ALLSTATE'S REPLY MEMO.
                                           IN SUPPORT OF MOTION TO DISMISS