IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DONALD SING, et al.,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant.

No. C 07-05300 JSW

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

Now before the Court is the motion to dismiss filed by defendant Allstate Insurance Company ("Allstate"). The Court finds that this matter is appropriate for disposition without oral argument and it is hereby deemed submitted. *See* Civ. L.R. 7-1(b). Accordingly, the hearing set for December 14, 2007 is HEREBY VACATED. Having considered the parties' pleadings and the relevant legal authority, the Court hereby grants in part and denies in part Allstate's motion to dismiss.

**BACKGROUND**

This is an insurance dispute filed by plaintiffs Donald and Betty Sing ("Plaintiffs"). Plaintiffs allege that through an insurance policy, Allstate agreed to pay for losses caused by a fire to their home in San Francisco. (Opp. at 2.)[1] According to Plaintiffs, Allstate breached the agreement by: (1) failing to appraise the fire loss and by failing to pay what was owed pursuant to the agreement; (2) requiring Plaintiffs to retain an attorney to make claims under the policy;

---

[1] Plaintiffs recited alleged facts in their opposition brief that do not appear in the Complaint on file. It appears as though Allstate, who filed the Complaint in this Court through the Notice of Removal, initially did not have a complete copy of the Complaint. (Reply at 1.) The Court directs Allstate to file an Amended Notice of Removal with a complete copy of the Complaint by no later than December 21, 2007.

1  and (3) requiring Plaintiffs to proceed through arbitration in order to recover the fair value of
2  their losses. (*Id.*)  Plaintiffs further allege that Allstate knowingly obtained estimates which
3  were insufficient to cover the cost of repairs, repeatedly refused to provide benefits for housing,
4  intentionally delayed the adjustment process, and cancelled Plaintiff's policy. (Compl., p. 3.)

5  Based on these facts, Plaintiffs assert the following claims against Allstate: (1) breach of
6  contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) breach of
7  fiduciary duty. Allstate initially moved to dismiss all of Plaintiffs' claims, but in its reply brief
8  Allstate withdrew its motion as to Plaintiffs' breach of contract claim. Therefore, the Court will
9  only address Allstate's motion with respect to Plaintiffs' claims for breach of the implied
10 covenant of good faith and fair dealing and breach of fiduciary duty.

## ANALYSIS

**A.    Legal Standards Applicable to Motions to Dismiss.**

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Motions to dismiss are viewed with disfavor and are rarely granted. *Hall v. City of Santa Barbara*, 833 F.2d 1270 (9th Cir. 1986).  On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986).  The court, however, is not required to accept legal conclusions cast in the form of factual allegations, if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)).

**B.    Allstate's Motion to Dismiss.**

Allstate argues that Plaintiffs' breach of fiduciary duty claim fails as a matter of law because insurers do not owe fiduciary duties to insureds.  Plaintiffs do not oppose Allstate's motion as to their claim for breach of fiduciary duty.  Therefore, the Court grants Allstate's motion with respect to this claim.

Allstate moves to dismiss Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing on the grounds that Plaintiffs fail to allege facts sufficient to state such a

claim. To state a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must allege: "(1) benefits due under the policy were withheld; and (2) the reason for withholding benefits was unreasonable or without proper cause." *Guebara v. Allstate Ins. Co.*, 237 F.3d 987, 992 (9th Cir.2001) (applying California law). Upon review of the Complaint, the Court finds that Plaintiffs have alleged facts sufficient to state a claim for breach of the implied covenant of good faith and fair dealing. Accordingly, the Court denies Allstate's motion as to this claim.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Allstate's motion as to Plaintiffs' claim for breach of fiduciary duty and DENIES Allstate's motion as to Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing.

**IT IS SO ORDERED.**

Dated: December 7, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3