

CYNTHIA MELLEMA (State Bar No. 122798)
KIMBERLY DE HOPE (State Bar No. 215217)
SONNENSCHEIN NATH & ROSENTHAL LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
Telephone: (415) 882-5000
Facsimile: (415) 882-0300

Attorneys for Defendant
ALLSTATE INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD SING, BETTY SING, DOES 1 TO 100,<br><br>Plaintiffs,<br><br>vs.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>Defendant. | No. C 07-5300 JSW<br><br>ALLSTATE INSURANCE COMPANY'S ANSWER TO COMPLAINT |

Defendant Allstate Insurance Company ("Allstate"), on behalf of itself and no other party, hereby answers Plaintiffs' Complaint (the "Complaint") as follows:

1. Allstate admits Plaintiffs filed a complaint against it. The remaining allegations in Paragraph 1 consist of legal conclusions requiring no response or allegations for which it lacks sufficient information to either admit or deny, and on that basis Allstate denies those allegations.

2. Allstate admits Plaintiffs' Complaint, as filed, contains six pages. Except as expressly admitted, Allstate denies each and every remaining allegation in Paragraph 2.

3. There are no allegations in Paragraph 3 of Plaintiffs' Complaint. Except as expressly admitted, Allstate denies each and every remaining allegation in Paragraph 3.

1     4 (a).    Allstate admits it is not a "natural person." Except as expressly admitted, Allstate denies each and every remaining allegation in Paragraph (a).

    4(b).    Allstate lacks sufficient information to admit or deny the allegations in Paragraph 4(b), and on that basis denies them.

    4(c).    There are no allegations in Paragraph 4(c) of Plaintiffs' Complaint. Except as expressly admitted, Allstate denies each and every remaining allegation in Paragraph 4(c).

    4(d).    There are no allegations in Paragraph 4(d) of Plaintiffs' Complaint. Except as expressly admitted, Allstate denies each and every remaining allegation in Paragraph 4(d).

    5.    There are no allegations in Paragraph 5 of Plaintiffs' Complaint. Except as expressly admitted, Allstate denies each and every remaining allegation in Paragraph 5.

    6.    There are no allegations in Paragraph 6 of Plaintiffs' Complaint. Except as expressly admitted, Allstate denies each and every remaining allegation in Paragraph 6.

    7(a).    Allstate admits it issued an insurance policy to Plaintiffs, insuring a home located in San Francisco. Except as expressly admitted, Allstate denies each and every remaining allegation in Paragraph 7(a).

    7(b).    There are no allegations in Paragraph 7(b) of Plaintiffs' Complaint. Except as expressly admitted, Allstate denies each and every remaining allegation in Paragraph 7(b).

    7(c).    There are no allegations in Paragraph 7(c) of Plaintiffs' Complaint. Except as expressly admitted, Allstate denies each and every remaining allegation in Paragraph 7(c).

    7(d).    Allstate admits it issued a homeowners insurance policy to Plaintiffs, for a home located in San Francisco. Except as expressly admitted, Allstate denies each and every remaining allegation in Paragraph 7(d).

    7(e).    Allstate admits it is a corporation. Allstate denies its principal place of business is in San Francisco. Except as expressly admitted, Allstate denies each and every remaining allegation in Paragraph 7(e) of the Complaint.

    7(f).    There are no allegations in Paragraph 7(f) of Plaintiffs' Complaint. Except as expressly admitted, Allstate denies each and every remaining allegation in Paragraph 7(f).

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

7(g).     There are no allegations in Paragraph 7(g) of Plaintiffs' Complaint. Except as expressly admitted, Allstate denies each and every remaining allegation in Paragraph 7(g).

8.     Allstate incorporates by reference each and every one of its responses to the foregoing allegations as if fully set forth here. Allstate admits Plaintiffs' Complaint, as filed, contains attachments for Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, and Breach of Fiduciary Duty. Except as expressly admitted, Allstate denies each and every remaining allegation in Paragraph 8.

9.     There are no allegations in Paragraph 9 of Plaintiffs' Complaint. Except as expressly admitted, Allstate denies each and every remaining allegation in Paragraph 9.

10(a).     Allstate admits Plaintiffs seek unspecified damages in the Complaint. Allstate denies Plaintiffs are entitled to damages. Except as expressly admitted, Allstate denies each and every remaining allegation in Paragraph 10(a).

10(b).     Allstate admits Plaintiffs seek an unspecified amount of interest in the Complaint. Allstate denies Plaintiffs are entitled to damages or interest. Except as expressly admitted, Allstate denies each and every remaining allegation in Paragraph 10(b).

10(c).     Allstate admits Plaintiffs seek an unspecified amount of attorneys fees in the Complaint. Allstate denies Plaintiffs are entitled to attorneys fees. Except as expressly admitted, Allstate denies each and every remaining allegation in Paragraph 10(c).

10(d).     Allstate admits Plaintiffs seek an unspecified amount of prejudgment interest in the Complaint. Allstate denies Plaintiffs are entitled to damages or prejudgment interest. Except as expressly admitted, Allstate denies each and every remaining allegation in Paragraph 10(d).

11.     Allstate lacks sufficient information to admit or deny the allegations in Paragraph 11, and on that basis denies them. Allstate incorporates by reference its response to Paragraph EX-2 as if fully set forth here.

BC-1.     Allstate admits it issued a homeowners policy number 037764777 to Plaintiffs for a house located at 855 Ortega Street in San Francisco.   That policy is a written contract which speaks for itself. Allstate denies the Policy was issued in July 2006. Allstate

1  denies the allegations in Paragraph BC-1 to the extent they differ from the written document.
2  Except as expressly admitted, Allstate denies each and every remaining allegation in Paragraph
3  BC-1.
4      BC-2.   Allstate denies each and every allegation in Paragraph BC-2.
5      BC-3.   Allstate denies each and every allegation in Paragraph BC-3.
6      BC-4.   Allstate denies each and every allegation in Paragraph BC-4.
7      BC-5.   Allstate denies each and every allegation in Paragraph BC-5.
8      BC-6.   There are no allegations in Paragraph BC-6 of Plaintiffs' Complaint.
9  Except as expressly admitted, Allstate denies each and every remaining allegation in Paragraph
10 BC-6.
11     EX-1.   Allstate denies each and every allegation in Paragraph EX-1.
12     EX-2.   Allstate denies each and every allegation in Paragraph EX-2.
13     EX-3.   Allstate denies each and every allegation in Paragraph EX-3.
14     Pg. 5(1).   Allstate incorporates by reference each and every one of its responses to the
15 foregoing allegations as if fully set forth here.
16     Pg. 5(2).   Allstate admits there is a covenant of good faith and fair dealing implied in
17 insurance contracts. Except as expressly admitted, Allstate denies each and every remaining
18 allegation in this Paragraph.
19     Pg. 5(3).   The allegations in Paragraph Pg. 5(3) consist of legal conclusions requiring
20 no response, and on that basis Allstate denies those allegations. To the extent the allegations are
21 not simply recitations of the law, Allstate denies each and every allegation in Paragraph Pg.
22 5(3).
23     Pg. 6(1).   Allstate incorporates by reference each and every one of its responses to the
24 foregoing allegations as if fully set forth here. On December 7, 2007, this Court granted
25 Allstate's Motion to Dismiss this claim for relief. Accordingly, Allstate need not respond to
26 these allegations.

Pg. 6(2).   Allstate denies each and every allegation in Paragraph Pg. 6(2).  On December 7, 2007, this Court granted Allstate's Motion to Dismiss this claim for relief. Accordingly, Allstate need not respond to these allegations.

Pg. 6(3).   The allegations in Paragraph Pg. 6(3) consist of legal conclusions requiring no response, and on that basis Allstate denies those allegations. To the extent the allegations are not simply recitations of the law, Allstate denies each and every allegation in Paragraph Pg. 6(3). On December 7, 2007, this Court granted Allstate's Motion to Dismiss this claim for relief. Accordingly, Allstate need not respond to these allegations.

As for separate and distinct affirmative defenses, Allstate alleges as follows:

### First Defense

### (Failure to State Cause of Action)

1. The Complaint, and each and every purported cause of action in the Complaint, fails to state facts sufficient to constitute a cause of action against Allstate.

### Second Defense

### (Fault of Others)

2. Plaintiffs' damages, the fact and extent of which Allstate denies, were either wholly or partially caused by and/or contributed to by the fault of others, whether that fault be the proximate result of intentional conduct, negligence, breach of contract, or any other type of fault, of persons, firms, corporations or entities other than Allstate, for which Allstate is not responsible. Such intentional conduct, negligence or fault bars recovery against Allstate or comparatively reduces the percentage of fault or negligence, if any, of Allstate.

### Third Defense

### (Consent and/or Authorization of Plaintiffs)

3. Plaintiffs consented to and/or authorized all conduct and/or omissions of Allstate alleged in the Complaint.

### Fourth Defense

### (Waiver)

4. The Complaint, and each and every purported cause of action in the Complaint, is barred by the doctrine of waiver.

### Fifth Defense

### (Estoppel)

5. The Complaint, and each and every purported cause of action in the Complaint, is barred by the doctrine of estoppel.

### Sixth Defense

### (Unclean Hands)

6. The Complaint, and each and every purported cause of action in the Complaint, is barred by the doctrine of unclean hands.

### Seventh Defense

### (Laches)

7. The Complaint, and each and every purported cause of action in the Complaint, is barred by the doctrine of laches.

### Eighth Defense

### (Active Fault of Plaintiffs)

8. The Complaint, and each and every purported cause of action in the Complaint, is barred by the active fault of plaintiffs and/or plaintiffs' counsel.

### Ninth Defense

### (Comparative Fault)

9. The Complaint, and each and every purported cause of action in the Complaint, is barred and/or plaintiffs' recovery is reduced because plaintiffs' alleged damages were the result of plaintiffs' comparative fault.

### Tenth Defense

### (Mitigation of Damages)

10. To the extent plaintiffs have failed to mitigate, minimize or avoid any damages they have allegedly suffered, recovery against Allstate, if any, must be reduced by that amount.

### Eleventh Defense

### (Assumption of Risk)

11. Plaintiffs knew, or in the exercise of reasonable care should have known, the risks of the matters alleged in the Complaint. Plaintiffs knowingly and voluntarily assumed and accepted such risks, and any damages allegedly suffered by plaintiffs were the proximate result of plaintiffs' assumptions and acceptance of such risks.

### Twelfth Defense

### (Statute of Limitations)

12. The Complaint, and each and every purported cause of action in the Complaint, is barred by the applicable statutes of limitation, including, without limitation, California Code of Civil Procedure sections 337, 338, 339, 340 and 343.

### Thirteenth Defense

### (No Causation)

13. Plaintiffs are not entitled to relief from Allstate because they have not sustained any injury, damage or loss by reason of any conduct, act, error or omission on Allstate's part.

### Fourteenth Defense

### (Intervening Cause)

14. Plaintiffs' damages, the fact and extent of which Allstate denies, were proximately caused by intervening, superseding and/or supervening acts for which Allstate has no liability.

### Fifteenth Defense

### (No Coverage for Claimed Losses)

15. The Complaint, and each and every purported cause of action in the Complaint, is barred in that it seeks payment, reimbursement, contribution or indemnification for, or is based on, losses that are not covered or that are excluded from coverage under the terms, definitions,

exclusions, conditions and limitations contained Plaintiffs' Allstate Policy (the "Policy").

## Sixteenth Defense

### (Policy Limits)

16. The Policy provides coverage, if at all, only to the extent of limits of liability listed on its declarations page.

## Seventeenth Defense

### (Obligations Limited to Policy Terms)

17. Allstate's obligations, if any, to plaintiffs are governed and limited by the terms, definitions, exclusions, conditions, and limitations contained in the Policy.

## Eighteenth Defense

### (Plaintiffs' Failure to Comply With Policy Terms)

18. Plaintiffs failed to satisfy the terms and/or conditions of the Policy.

## Nineteenth Defense

### (Contractual Limitations Period)

19. The Policy requires that any suit or action be brought within one (1) year after the date of loss. The statute is tolled from the date of tender to the date of denial. *Prudential-LMI Com. Ins. v. Sup. Ct.*, 51 Cal.3d 674 (1990); Cal. Ins. Code § 2071. Plaintiffs are barred from recovery if they failed to bring this action within the one year contractual limitations period.

## Twentieth Defense

### (Misrepresentation)

20. Plaintiffs' claims are barred, in whole or in part, because plaintiffs failed to disclose, concealed, or misrepresented material facts or circumstances, either before or after the alleged loss.

## Twenty-First Defense

### (Reasonableness of Allstate)

21. Allstate's conduct was at all times reasonable and not tortious.

## Twenty-Second Defense

### (Allstate's Compliance With Obligations)

22. Allstate fully performed all obligations, both express and implied, if any, owed to plaintiffs under applicable law.

## Twenty-Third Defense

### (Election of Remedies)

23. To the extent plaintiffs have elected to pursue a certain remedy, they are barred from pursuing or recovering under any other remedy under the doctrine of election of remedies.

## Twenty-Fourth Defense

### (Speculative Nature of Damages)

24. Plaintiffs are not entitled to judgment because their damages claims are speculative.

## Twenty-Fifth Defense

### (Privilege)

25. Allstate's alleged acts, conduct and/or omissions were lawful, privileged and/or justified.

## Twenty-Sixth Defense

### (Ratification of Conduct)

26. With full knowledge of all facts in any way connected with or relating to the matters alleged in the Complaint, plaintiffs duly ratified, acquiesced and/or confirmed in all respects the conduct and/or omissions of Allstate alleged in the Complaint.

## Twenty-Seventh Defense

### (Set-Off)

27. To the extent Allstate is liable to plaintiffs, if at all, Allstate is entitled to a set-off on account of damages Allstate sustained as a result of plaintiffs' acts, conduct or omissions.

## Twenty-Eighth Defense

### (No Punitive or Non-Compensatory Damages)

28. The Complaint fails to state facts sufficient to entitle plaintiffs to punitive damages.

### Twenty-Ninth Defense

### (Unconstitutionality of Punitive Damages)

29. Plaintiffs' claim for punitive damages is barred because the California punitive damages statute is unconstitutional in that, among other things, it is void for vagueness, violates the equal protection clause, violates the due process clause, is an undue burden on interstate commerce, violates the contract clause, and violates the Eighth Amendment proscription against excessive fines pursuant to the United States and California Constitutions.

### Thirtieth Defense

### (No Entitlement to Attorneys' Fees)

30. Plaintiffs are precluded from recovering attorneys' fees and costs from Allstate under applicable provisions of the law.

### Thirty-First Defense

### (Recovery Limited To Appraisal)

31. Plaintiffs' Allstate Policy contains an appraisal provision. Plaintiffs' invoked the appraisal provision on or about March 16, 2006, an appraisal award was issued on or about January 10, 2007, and that award was paid on our about February 22, 2007. Plaintiffs' claims are barred to the extent they seek policy benefits in excess of the appraisal award.

### Thirty-Second Defense

### (Right To Assert Additional Defenses)

32. Allstate reserves the right to amend this Answer and to assert any additional defenses in the future after conducting discovery.

WHEREFORE, Allstate prays for judgment in its favor and against plaintiffs as follows:

1.  That plaintiffs take nothing by way of the Complaint;
2.  That the Complaint be dismissed with prejudice;
3.  That judgment be entered in favor of Allstate;

3.  That Allstate be awarded its fees and costs incurred in this action; and

4.  For such other and further relief as the Court deems just and proper.

Dated: December 21, 2007                    SONNENSCHEIN NATH & ROSENTHAL LLP


                                            By_____/s/ Kimberly De Hope_____
                                                CYNTHIA MELLEMA
                                                KIMBERLY DE HOPE

                                            Attorneys for Defendant
                                            ALLSTATE INSURANCE COMPANY

27285668\V-1